UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY LEE PRESTON,

        Plaintiff,                  Case Number: 24-11730
                                                   Honorable F. Kay Behm

v.

DALE BONN,

        Defendants.
_____/

## ORDER TRANSFERRING CASE TO
## THE UNITED STATES COURT OF APPEALS

Harvey Preston has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Preston challenges his convictions following a jury trial in Oakland County Circuit Court for carjacking, first-degree home invasion, unarmed robbery, and second-degree criminal sexual conduct. These convictions were affirmed on appeal. *See People v. Preston*, No. 298796, 2012 WL 5853223 (Mich. Ct. App. Oct. 30, 2012), leave denied, 829 N.W.2d 225 (Mich. 2013).

Preston previously filed a federal habeas petition challenging the same convictions at issue in this case. The petition was denied on the merits and dismissed with prejudice. *Preston v. Gidley*, No. 2:14-cv-10606, 2017 WL 4572336, at *1 (E.D. Mich. Oct. 12, 2017). The Sixth Circuit Court of Appeals denied Preston's application for a certificate of appealability. *Preston v. Smith*, No. 17-2389, 2018 WL 2222599 (6th Cir. Apr. 25, 2018).

Before filing a habeas petition challenging a conviction previously challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)). When a petitioner files a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. *See* 28 U.S.C. § 1631; *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997). Preston has not obtained appellate authorization to file a successive habeas petition as required under 28 U.S.C. § 2244(b)(3)(A).

Accordingly, **IT IS ORDERED** that the Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether Petitioner may file a successive petition.

    **SO ORDERED**.

                                                                              s/F. Kay Behm  
                                                                              F. KAY BEHM  
                                                                              UNITED STATES DISTRICT JUDGE

Dated: July 10, 2024